## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ALI WARIS,
        Plaintiff,

        v.

HCR MANOR CARE *dba*
HEARTLAND HOME HEALTH CARE,

        Defendant.

:
:
:
:
:
:
:
:
:
:

CIVIL ACTION

NO. 07-3344

**FILED**

DEC 1 7 2008

**MICHAEL E. KUNZ, Clerk**
**By_____Dep. Clerk**

### MEMORANDUM

**Baylson, J.**                                             **December 17, 2008**

Presently before this Court are the following motions seeking the undersigned judge's recusal from this case. On September 8, 2008, the pro se Plaintiff filed an Emergency Motion to Recuse, Vacate and Stay (Doc. No. 119) under 28 U.S.C. § 144 and §455. On September 30, 2008, the Plaintiff filed a Motion to Expedite Recusal, Vacatur, and Stay (Doc. No. 124). Subsequently, on October 2, 2008, Plaintiff filed a Motion to the Chief Judge for the Assignment of an Interim Judge (Doc. No. 125). The first motion is accompanied by a one-page affidavit, purportedly in compliance with 28 U.S.C. § 144 (Ex. A).

For the following reasons, Plaintiff's Motions related to recusal are DENIED.

## I.    Background

### A.    Procedural History

Plaintiff's Complaint alleges that in May 2006 he was denied the opportunity to interview for an open Administrator position at Defendant's home health care facility on impermissible bases. (Am. Compl. ¶¶ 4, 5.) On July 10, 2007, Plaintiff filed a Complaint pro se in the

-1-

Montgomery County Court of Common Pleas.  Defendant removed the case to this Court on

August 14, 2007 (Doc. No. 1).  On August 22, 2007, Plaintiff filed an Amended Complaint (Doc.

No. 4) alleging employment discrimination on the basis of age, race, and national origin under

Title VII of the Civil Rights Act of 1964, Title VI of the Civil Rights of 1964, 42 U.S.C. §1981,

the Age Discrimination in Employment Act, and the Pennsylvania Human Rights Act.[1]

This litigation has been highly contentious.  Plaintiff has filed over thirty motions related

to discovery and other issues, including such creatively-titled motions as "Motion to Refrain

Defense Counsel from Whining, Tattling, and Small Talk," "Motion to Pierce the Corporate

Veil," and "Motion for Equal Protection Under the Law."  In addition to the three recusal

motions stated above and several outstanding discovery motions, currently pending before this

Court are parties' Cross-Motions for Summary Judgment.  Defendants have not responded to the

recusal motions because this Court entered an Order on June 27, 2008 (Doc. No. 68) that

Defendant did not have to respond to Plaintiff's motions unless specifically requested by Court

Order.

**B.      Allegations of Bias**

Plaintiff's Motion to Recuse states multiple grounds for recusal, which will be

summarized here.  In addition, Plaintiff has filed an Affidavit attached to the Motion to comport

with 28 U.S.C. § 144.

Plaintiff's Motion presents three main arguments: (1) that the undersigned judge has

made false statements and violated the law and Federal Rules of Civil Procedure during the

---

[1]Plaintiff also alleged common law fraud and unfair trade practice claims in his Amended
Complaint.  However Plaintiff filed a Motion to Withdraw these two claims on February 22,
2008 (Doc. No. 16), which the Court granted on March 19, 2008 (Doc. No. 22).

course of this litigation, (2) that the undersigned judge has an improper relationship with the Defendant's law firm, Reed Smith, and (3) that the undersigned judge's personal feelings related to Plaintiff's disputes with Judge Katz in another, unrelated case (in which Plaintiff is also a plaintiff) colored the undersigned judge's views in the instant litigation.[2]

As related to the instant litigation, Plaintiff asserts numerous instances of alleged misconduct. Plaintiff claims include that the undersigned judge violated Rule 16 in delaying the initial pre-trial conference, ignored Defendant's failure to file a Rule 56(f) Affidavit for Additional Discovery, incorrectly stated that the Court could not rule on Plaintiff's Motion for Partial Summary Judgment until the completion of discovery, mis-applied the Federal Rules of Civil Procedure, ruled on a motion against the Plaintiff after Plaintiff had withdrawn the motion, and unlawfully ruled against the Plaintiff in additional discovery motions and disputes. (See Pl.'s Emergency Mot. Recuse, Vacate, Stay 6-20.)

As related to the undersigned judge's relationship with Reed Smith, Plaintiff claims that the presiding judge has had a long relationship with Senator Specter and that at the same time the presiding judge was being considered for appointment to the federal bench, Reed Smith was making and continues to make large donations to Senator Specter's campaign. Plaintiff claims that because of these donations, Reed Smith's clients receive preferential treatment from judges in the Eastern District of Pennsylvania who have a relationship with Senator Specter.

As to the undersigned judge's feelings about an unrelated case, Plaintiff contends that because he was also the plaintiff in a case in front of Judge Katz and had similar complaints with

---

[2]Also, Plaintiff filed a Complaint of Judicial Misconduct against this Court with the Third Circuit Judicial Council in July 2008, which has not yet been ruled upon.

Judge Katz's preference for the defendants, this Court is prejudiced against Plaintiff. Plaintiff alleges that Judge Katz is similarly aligned with Senator Specter and with a law firm that contributes to Senator Specter. Plaintiff asserts that Defendant's counsel sent a copy of documents pertaining to the unrelated case to this Court in order to bias this Court against Plaintiff.

Finally, Plaintiff submits that the undersigned judge is a racist because he has suppressed evidence of Defendant's racist agenda. In addition, Plaintiff asserts that the undersigned judge, the Defendant, and the Defendant's attorneys have violated federal law.[3]

In Plaintiff's Affidavit in support of his § 144 claim, he claims that "During the proceedings of the Case, I have experienced extreme bias and prejudice by Judge Baylson . . . ." The allegations in the Affidavit are that the undersigned judge made false statements in court to help the defense, attempted to cover up Defendant's false verifications, and committed other violations of law and Rules of Civil Procedure in favor of the defense. Plaintiff declares under penalty of perjury that the declarations in the Affidavit are made in good faith.

## II.   Discussion

The standards for recusal under § 144 and § 455 are different, so this Court will address each independently.

### A.   Recusal Under § 144

Under 28 U.S.C. § 144, "[w]henever a party to any proceeding in a district court makes

---

[3]In fact, Plaintiff has recently filed a separate lawsuit against employees of Defendant, Defendant's attorneys, and other parties related to their conduct in this litigation and other litigation instituted by the Plaintiff, in which Plaintiff mentions the undersigned, Judge Katz, and Magistrate Judge Strawbridge in the Complaint. See Waris v. Ormond, 08-cv-5709 (E.D. Pa. filed Dec. 9, 2008).

-4-

and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding." Although the language allows assignment of another judge, "[t]he mere filing of an affidavit under this section [28 U.S.C. § 144] does not automatically disqualify a judge. Disqualification results only from the filing of a timely and sufficient affidavit." U.S. v. Townsend, 478 F.2d 1072, 1073 (3d Cir. 1973). It is therefore the duty of the judge against whom the affidavit is filed "to pass upon the legal sufficiency of the facts alleged." Id.; see also Cooney v. Booth, 262 F.Supp.2d 494, 500 (E.D. Pa. 2003) ("Recusal is not automatic. Under the statute the court must first determine (1) whether the affidavit is legally sufficient and (2) whether it was timely filed.")

1.    Legal Sufficiency

In assessing an affidavit under § 144, the factual allegations must be accepted as true. United States v. Vespe, 868 F.2d 1328, 1340 (3d Cir.1989). "Conclusory statements and opinions, however, need not be credited. Id. at 1340. In order to warrant recusal, the facts alleged in the affidavit must (1) be material and stated with particularity (2) convince a reasonable man that a bias exists and (3) show bias that is personal, as opposed to judicial, in nature. US v. Thompson, 483 F.2d 527, 528 (3d Cir. 1973). The affiant must aver specific facts, including the time, place, and circumstances that illustrate the alleged personal bias. U.S. v. Townsend, 478 F.2d 1072, 1074 (3d Cir. 1973). Finally, the affidavit "must give fair support to the charge of a bent of mind that may prevent or impede impartiality of judgment." Berger v. United States, 255 U.S. 22, 33-34 (1921). Based on this standard, this Court will examine solely the facts alleged in Plaintiff's Affidavit in assessing his request for recusal under § 144.

First, Plaintiff's Affidavit asserts blatantly false statements in Court, an attempt to cover up false verifications, and "other violations of law" and rules of civil procedure as described in his accompanying motion. Although Plaintiff's Affidavit does not contain the specific facts surrounding these allegations, his accompanying Motion does detail with more specificity the particular rulings, statements, and instances that Plaintiff alleges demonstrate this Court's bias. This Court will assume that Plaintiff's Affidavit incorporates the specific facts in the Motion to Recuse that support the allegations in the Affidavit and assume _arguendo_ that Plaintiff has stated material, particular facts.

Second, Plaintiff's allegations do not rise to the level to convince a reasonable man that bias exists, nor would they lend "fair support to the charge of a bent mind." Plaintiff's allegations of judicial misconduct are numerous, so the Court will not entertain each allegation. As one illustrative example, Plaintiff objects to the Court "Trashing Rule 16 to Frustrate the Plaintiff." Plaintiff states that the Court did not hold a Rule 16 pre-trial conference until almost ten months after the case's commencement. It is true that the Local Civil Rules state that "a scheduling conference will _ordinarily_ be held by the assigned judge or magistrate within 120 days after filing." Local R. Civ. P. 16.1(b) (emphasis added). However, the Defendant had filed a partial Motion to Dismiss within one month of this case's removal to federal court. This Court's Pretrial and Trial Procedures state that motions to dismiss should be filed before the Preliminary Pretrial Conference. This is because, as the Court explained in its Order of December 17, 2007, "Rule 16 Motions are generally scheduled after the disposition of a Motion to Dismiss" (Doc.

No. 15) in order to conserve judicial resources.[4]  Such procedural delays in scheduling an initial

pre-trial conference would not lead a reasonable person to believe bias on behalf of this Court.

Nor does Plaintiff allege how he was prejudiced by this delay.

      Addressing Plaintiff's allegations as a whole, it is sufficient to state that the Court's

rulings throughout the course of this litigation have been fair and forthcoming, especially given

the sheer volume of motions filed, and have been favorable to both Plaintiff and Defendant in

different instances (see, e.g., Doc. No. 28 (considering Plaintiff's Motion to Compel Discovery

and requiring Defendant to comply with multiple demands by the Plaintiff)).  Plaintiff's

allegations do not amount to bias and instead reflect the Plaintiff's disagreements with the

Court's actions.  Where allegations of bias consist of "subjective conclusions and thinly veiled

disagreements with the court's legal rulings," an affidavit is not legally sufficient.  Conklin v.

Warrington Twp., 476 F.Supp.2d 458, 463 n.10 (M.D. Pa. 2007).

      Finally, regardless of the reasonableness of Plaintiff's allegations, Plaintiff's § 144

motion fails for a third reason: Plaintiff's Affidavit fails to state personal bias.  "Personal bias"

refers to bias that is extrajudicial in nature and is a proper basis for disqualification, whereas

"judicial bias" is not a proper basis.  See Johnson, 483 F.2d at 529.  "The alleged bias and

prejudice to be disqualifying must stem from an extrajudicial source and result in an opinion on

the merits on some basis other than what the judge learned from his participation in the case."

United States v. Grinnell Corp., 384 U.S. 563, 583 (1966).  "[J]udicial rulings alone almost never

constitute a valid basis for a bias or partiality motion."  Likety v. U.S., 510 U.S. 540, 555

---

    [4]The Court acknowledges that Defendant filed a partial Motion to Dismiss, so the case
would not have been disposed of had the motion been granted.  However, it remains this Court's
practice to not schedule Rule 16 conferences until such motions are resolved.

(1994).[5]  Even if a judge displays "impatience, dissatisfaction, annoyance, and even anger" towards a party, the judge's "ordinary efforts at courtroom administration . . . remain immune." Id. at 556.

Plaintiff's Affidavit accuses this Court of making improper rulings and legal judgments during the course of this litigation.  Although his accompanying Motion contains allegations of additional bias that may rise to the level of personal bias, Plaintiff's Affidavit only refers to this Court's "conduct in this case."  See Pl.'s Aff., Ex. A.  Because this Court is only to consider facts alleged in the affidavit in deciding a § 144 motion,[6] Plaintiff's Affidavit fails to state legally sufficient facts to require recusal.  Instead, this Court believes that Plaintiff's Motion for recusal is merely an expression of displeasure with the Court's prior and anticipated rulings in the case. See Walsh v. Krantz, 2008 WL 5146531, at *4 (M.D. Pa. 2008) ("When assessing a litigant's recusal motion, the court must carefully consider whether attacks on a judge's impartiality are simply subterfuge to circumvent anticipated adverse rulings.").

    2.   Procedural Sufficiency

Plaintiff's motion fails for an additional reason – it is untimely.  Under § 144, the affidavit "shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time."

---

[5]This Court notes the rare exception that allows judicial bias to constitute grounds for recusal where the court shows, "a deep-seated favoritism or antagonism that would make fair judgment impossible."  See Likety, 510 U.S. at 555.  However, the exception does not apply to this case where the Plaintiff has failed to demonstrate any facially biased statements or rulings made by the undersigned.  Further, Plaintiff has received some favorable rulings and the Court has carefully considered each of his voluminous filings.

[6]The Court will consider Plaintiff's additional allegations of bias contained in his accompanying Motion in relation to Plaintiff's § 455 claim.

28 U.S.C. § 144 (2008).  Courts have interpreted this requirement to mean that parties must file a claim of disqualification "at the earliest possible moment after obtaining knowledge of facts demonstrating the basis for such a claim." Cooney, 262 F.Supp.2d at 503 (internal quotation omitted); see also Heimbecker v. 555 Assoc., 2003 WL 21652182, at *4 (E.D. Pa. 2003).

In this case, Plaintiff filed his Motion to Recuse on September 8, 2008, over a year after the removal of his case to this Court.  Although there are a number of rulings by this Court on which Plaintiff's grounds for recusal are based, one of the rulings occurred as far back as December 2007; other contested rulings occurred in June 2008.  Additionally, Plaintiff filed a Complaint of Judicial Misconduct with the Third Circuit on July 7, 2008, containing many of the same allegations, including the alleged extrajudicial sources of bias.  Plaintiff surely was aware of the grounds for recusal at least two months before he filed this motion.  Based on the delay in filing this motion, it is untimely and therefore procedurally, as well as legally, insufficient.[7]

**B.     Recusal Under § 455**

Section 455(a) provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a).  An inquiry under §455(a) does not require the movant to show actual bias, but instead the movant must demonstrate the appearance of impropriety where "a reasonable person, knowing all of the circumstances, would harbor doubts as to the judge's impartiality." Cooney, 262 F.Supp.2d at 504 (citing In re Prudential Ins. Co. of America, 148 F.3d 283, 343 (3d Cir. 1998)).  The scope of § 455 is broader

---

[7]The other procedural requirements of § 144 are that only one such affidavit is filed per case and that the affidavit is filed with the counsel's certification that it was made in good faith. Plaintiff meets these requirements because this is the first such motion filed in this case and Plaintiff is pro se.  Additionally Plaintiff's Affidavit states that is "made in GOOD FAITH."

than § 144 and does not contain the same procedural requirements. <u>State Farm Mutual Auto. Ins.</u> <u>Co. v. Lincow</u>, 2007 WL 433471, at *8 (E.D. Pa. 2007). But like § 144, the allegations made under § 455(a) must show extrajudicial, not judicial, bias. <u>Likety</u>, 510 U.S. at 553. However, unlike a § 144 motion, in a recusal determination under § 455, the court need not accept the movant's allegations as true. <u>Cooney</u>, 262 F.Supp.2d at 504. Instead, the court may contradict the movant's factual allegations with facts from the judge's knowledge and the record. <u>Id.</u> Under this standard, Plaintiff's Motion does not support the appearance of impropriety based on the two allegations of extrajudicial bias made in the Motion.[8]

First, Plaintiff alleges that this Court has an improper relationship with Defendant's law firm, Reed Smith, on the basis of this Court's relation to Senator Specter and Reed Smith's contributions to the Senator. This is not the first time that movants in this district have grasped at attenuated connections between judges in this District and certain political figures in order to seek disqualification; such claims have been rejected by the court. <u>See</u> <u>Cooney</u>, 262 F.Supp.2d at 506 (Robreno, J.); <u>Heimbecker</u>, 2003 WL 21652182 at *4 (Davis, J.).

Simply put, Plaintiff's allegations of impropriety are so far attenuated that no reasonable man would doubt this Court's impartiality. The undersigned has never been employed by Reed Smith and has no reason to favor its clients. Although it is true that the undersigned worked with Senator Specter early on in their respective careers in the Philadelphia District Attorney's Office and the two have a relationship based on this experience, this relationship in no way influences

---

[8]The Court will not consider any of Plaintiff's allegations of impropriety based on rulings and determinations in this case since such bias is not "extrajudicial." Further, the Court adopts its analysis of the reasonableness of Plaintiff's allegations of judicial bias as discussed above in assessing Plaintiff's § 144 claim.

the undersigned when deciding cases in which a party or their counsel may have donated to the Senator. The undersigned was nominated to the federal bench by a bi-partisan nominating panel and now enjoys life-time tenure under the U.S. Constitution for the purpose of protection against outside influence. U.S. Const. art. III, § 1; see also The Federalist No. 78 (Alexander Hamilton) ("And it [life tenure of the judiciary during good behavior] is the best expedient which can be devised in any government, to secure a steady, upright, and impartial administration of the laws).

Second, Plaintiff argues that very similar allegations that he has leveled against Judge Katz in an unrelated case have caused this Court to be personally biased against him. Specifically, Defendant's counsel in their Motion for a Protective Order against Plaintiff's conduct (Doc. No. 65) made this Court aware of an unrelated case in which Defendant asserts that Plaintiff engaged in similar conduct to the instant litigation. See Waris v. Frick, No. 06-cv-05189 (E.D. Pa. filed Nov. 27, 2006). Plaintiff asserts in the instant motion that Judge Katz, also an alleged "protégé" of Senator Specter, showed preferential treatment in Waris v. Frick to the Defendant's law firm, Morgan Lewis, and that Morgan Lewis has also contributed to Senator Specter's campaign. Plaintiff further claims that when Defendant made this Court aware of that related case it "exacerbated Judge Baylson's hostility against the Plaintiff." (Pl.'s Emergency Mot. Recuse, Vacate, Stay 26.)

Plaintiff's assertions again do not constitute a reasonable basis on which to find partiality. The undersigned was in no way influenced by the Defendant making this Court aware of a complaint filed by Plaintiff in an unrelated case. The Waris v. Frick complaint is a matter of public record, so the Defendant did not act improperly by bringing it to this Court's attention. However, the proceedings in Waris v. Frick in no way influenced this Court's rulings or

-11-

judgment in the instant litigation, especially where the unrelated case involves different defendants, different defense counsel, and an entirely different cause of action.[9] If anything, the Plaintiff's bald assertions against another judge and an additional law firm show not that Plaintiff is being prejudiced against but that the Plaintiff is able to trump up claims of bias where none exists. Such unsubstantiated claims did not constitute valid grounds for recusal.

## III.  **Conclusion**

For the foregoing reasons, Plaintiff's Emergency Motion to Recuse, Vacate, and Stay under 28 U.S.C. § 144 and § 455(a) and related motions are DENIED.

An appropriate Order follows.

---

[9]Waris v. Frick involves a RICO action against Plaintiff's HMO, HMO employees, the HMO's attorneys in the underlying state court action, and the Delaware state judges and judicial officials involved in the underlying action. The instant case involves employment discrimination.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

ALI WARIS,                                    :
      Plaintiff,                          :
                           :     CIVIL ACTION
      v.                                  :
                           :
HCR MANOR CARE *dba*                          :     NO. 07-3344
HEARTLAND HOME HEALTH CARE,     :
                           :
      Defendant.                         :

**ORDER**

AND NOW, this 17th day of December, 2008, it is hereby ORDERED that Plaintiff's

Emergency Motion to Recuse, Vacate, and Stay (Doc. No. 119), Plaintiff's Motion to Expedite

Recusal, Vacate, and Stay (Doc. No. 124), and Plaintiff's Motion for Assignment of an Interim

Judge (Doc. No. 125) are DENIED.

BY THE COURT:

Michael M. Baylson, U.S.D.J.

O:\Shelley\07-3344 Waris v. Heartland\Memo re Mots for Recusal.wpd

cc: Waris (mail)

-13-

# EXHIBIT A

**AFFIDAVIT**

I, Ali Waris, under 28 U.S.C. § 1746 Unsworn Declaration and under penalty of perjury do herby state that the following is true to the best of my knowledge, belief and understanding.

I am a Plaintiff *pro se* in the case *Ali Waris v. Heartland Home Health Services*, No. 07-3344, ("Case") in the Court of the Honorable Michael M. Baylson.

During the proceedings of the Case, I have experienced extreme bias and prejudice by Judge Baylson who has violated my basic Constitutional rights and have denied me a meaningful access to court and a judicial remedy. His conduct in this case is unbecoming a judge and a disgrace for the federal judiciary.

Judge Baylson has made blatantly false statement in the Court to help the defense, has attempted to cover up false verifications of the Defense, and many other violations of law some of which are described under the heading "*Repugnant Facts Warranting Recusal*" on Page 6 of *Plaintiff's Motion to Recuse, Vacate and Stay*. He has violated numerous Rules of Civil Procedures and other laws to help the Defense in this case and to destroy my claim.

I firmly believe that, based on Judge Baylson's extreme prejudice against me, I cannot receive a fair treatment in his Court and, therefore, he must recuse from this Case.

COUNTY OF CHESTER, PA

September 8, 2008.

*Alkan*
Ali Waris

I, the undersigned, under 28 U.S.C. § 1746 Unsworn Declaration and under penalty of perjury state that my declarations in the foregoing Affidavit have been made in GOOD FAITH.

September 8, 2008.

*Alkari*
Ali Waris

36